**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 19-350-3** |
| | : | |
| | : | |
| **MAURICE QUINN** | : | |

### DEFENDANT'S MOTION TO DISMISS COUNT TWO

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendant respectfully moves to dismiss Count Two for failure to state an offense.  Count Two of the Indictment charges Mr. Quinn with knowingly "used, carried and brandished and aided and abetted the use, carrying and brandishing" of a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A).  Here, the alleged crime of violence is robbery that interferes with interstate commerce ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Count One). Hobbs Act robbery does not qualify under the element-of-force clause, because § 1951(a) does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another.  Accordingly, Count Two must be dismissed.

## I.    Section 924(c) "crimes of violence"

Section 924(c)(1)(A)(ii)-(iii) prohibits the brandishing or discharging of a gun "during and in relation to any crime of violence or drug trafficking crime."  "Crime of violence," in turn, is defined as any felony offense that:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (A) is known as the element-of-force clause, and subsection (B) is known as the residual clause.

On June 24, 2019, the Supreme Court held in *United States v. Davis*, 2019 WL 2570623, -- S.Ct. -- (June 24, 2019), that the residual clause definition of crime of violence at § 924(c)(3)(B) is void for vagueness.  Thus, any predicate offense must meet the requirements of the elements clause at § 924(c)(1)(A).

## II.  Hobbs Act robbery does not contain "an element the use, attempted use, or threatened use of physical force against the person or property of another" as required by § 924(c)(1)(A).

For a number reasons, the federal offense of robbery affecting interstate commerce, as defined by the Hobbs Act, does not have the use or threat of force as an element.  Most fundamentally, the text of the Hobbs Act specifically identifies "actual or threatened force" as just one among several means by which property may be taken from another against his will in violation of the statute.  An alternative means of committing the offense is by "fear of injury, immediate or future, to person or property." 18 U.S.C. § 1951(b)(1).  The statutory text's distinction of this alternative means from "actual or threatened force" establishes as a matter of law that Hobbs Act robbery does not have an element of force.  *See Mathis v. United States*, 136 S. Ct. 2243 (2016).

Hobbs Act robbery also does not satisfy the element of force requirement, as explained herein, for three additional reasons: (1) the statute reaches threats of harm to intangible property, such as a right of action, trademark, or business goodwill; and reaches threats of future harm to property of any kind; (2) in the force context, the statute does not require "violent" force of the kind contemplated by provisions such as 18 U.S.C. § 924(c), concerned to define violent

felonies; and (3) one need not intend to make any use or threat of force to be guilty of federal robbery in violation of the Hobbs Act.

> **a.    The Hobbs Act defines "actual or threatened force" as only one among several alternative means of satisfying a broader element: the taking of property from another "against his will."**

The Hobbs Act defines an offense embodying several alternative means by which to satisfy an element requiring the government to prove that a taking was "against the will" of another:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).  The statute's variegated language reflects Congress's intent, in its enactment of the Hobbs Act, to exercise its power to regulate interstate commerce to the fullest extent permitted by the Constitution.  *See Stirone v. United States*, 361 U.S. 212, 215 (1960). Congress therefore did not limit the statute's sweep to the exercise of outright or threatened physical force, but delineated a broader concept of takings from the person or presence of another against his will.

Contemporary federal practice confirms that "force, or violence, or fear of injury, immediate or future, to his person or property" are, as the statute says, merely alternative "means," not elements of different offenses.  Throughout the circuits, the pattern jury instruction "in general use" provides that it is enough if each juror finds at least one of the alternatives: "actual or threatened force, violence, or fear of injury, whether immediately or in the future." *3 L. Sand, et al., Modern Federal Jury Instructions* – Criminal, Instruction 50-3 & Comment

(2017); see Third Circuit Model Jury Instructions – Criminal, Instruction 6.18.1951-1; id., Instruction 6.18.1951-3.

Thus, the language of the statute and the pattern instruction in general use confirm that Hobbs Act robbery may be committed by means other than "actual or threatened force."

### b.   Some sets of facts support conviction under the Hobbs Act without involving the intentional use of violent force.

A statute also cannot be said to have force "as an element" if there is "any set of facts sufficient to support conviction that does not make out the intentional use of violent physical force. *United States v. Hernandez-Hernandez*, 817 F.3d 207, 211 (5th Cir. 2016). In determining whether such facts exist, consideration must be given to the "the least of [the] acts" prohibited. *Johnson v. United States*, 559 U.S. 133, 136-37 (2010) (*Johnson I*). *See also Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (least culpable conduct test); *United States v. Dahl*, 833 F.3d 345, 350 (3d Cir. 2016) ("least culpable conduct hypothetically necessary to sustain a conviction under the statute"). Applying this test here, the Hobbs Act cannot be said to have the use or threat of force as an element.

There clearly exist facts that are sufficient to satisfy the offense of Hobbs Act robbery but that do not involve any use or threat of force. This is evident from each of three perspectives. First, Hobbs Act robbery can be consummated with no physical force whatsoever by placing another in fear of pecuniary harm. Second, even if physical force were required, Hobbs Act robbery does not necessarily involve the level of violent force required by provisions like § 924(c)(3). *See Johnson I*, 559 U.S. at 140-41. Third, to the extent physical force is required, its unintentional application suffices under the Hobbs Act, whereas the element-of-force clause requires that the defendant act with a more culpable mental state. *See Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004).

*1. Threats of pecuniary harm*

As noted, a defendant may be found guilty of Hobbs Act robbery based on conduct placing another "in fear of injury, immediate or future, to his … property," with "property" including money and intangible things of value. 18 U.S.C. § 1951(b)(1); see, e.g., Third Circuit Model Criminal Instructions, Instruction 6.18.1951-5 (defining "property"); *see also United States v. Local 560 of International Brotherhood of Teamsters*, 780 F.2d 267, 281 (3d Cir. 1985) (noting that Circuits "are unanimous in extending the Hobbs Act to protect intangible, as well as tangible, property").

Given the statute's coverage of intangible property, it would be enough to sustain a conviction for the prosecution, if, for example, the defendant got the owner of a take-out restaurant to hand over $20 by threatening to complain in front of other customers that an order was infested with vermin, thus causing the owner to fear injury to the value of business goodwill or reputation. Because such conduct would support conviction of Hobbs Act robbery without requiring any physical force whatsoever, it is evident from this set of facts that Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of physical force. The statute's encompassing of future harm to property leads to the same conclusion. Given this coverage, an offender could be convicted on proof that he threatened to obtain a bogus lien on commercial real property being readied for the market unless the developer gave him money on the spot. *See United States v. Harris*, Crim. No. 03-354, 2008 WL 482347 (D.N.J. Feb. 20, 2008) (describing "financially threatening documents" from offender who advised he would create false liens). Like threats of harm to intangible property, threats of harm to property in the future do not involve any force whatsoever.

### 2. Conduct not involving violent physical force

Alternatively, even if physical force were required to commit Hobbs Act robbery, the statute does not require the type of violent force necessary to categorize an offense as a crime of violence. In *Johnson I*, the Supreme Court held that "force" in the element-of-force clause of the Armed Career Criminal Act means "violent force—that is, force capable of causing physical pain or injury to another person." 556 U.S. at 140. In doing so, the Court relied on its previous decision in *Leocal v. Ashcroft*, which similarly interpreted the element-of-force clause in 18 U.S.C. § 16(a), a provision identical to § 924(c)(3)'s element-of-force clause. *Id*.

Nothing in the Hobbs Act requires violent force. Rather, just as the statute distinguishes "actual or threatened force" from "fear of injury" as two alternative means, it specifies "violence" as a third. 18 U.S.C. § 1951(b)(1). In other words, jurors need not unanimously agree a defendant engaged in violence so long as the hold-outs are satisfied there was, at least, some kind of force. [1] Accordingly, federal robbery affecting interstate commerce does not have as an element the violent force necessary to satisfy the definition of § 924(c)(3)(A).

### 3. Conduct not intended to convey a threat

Finally, Hobbs Act robbery is broader than § 924(c)'s element-of-force clause as to *mens rea*. The element-of-force clause requires more than the negligent use of force. *See Leocal*, *Id*. at 9-10; *see also, e.g., Popal v. Gonzales*, 416 F.3d 249, 254 (3d Cir. 2005) (construing identical element-of-force clause at 18 U.S.C. § 16(a)). But the Hobbs Act imposes liability whenever a

---

[1] *Stokeling v. United States*, 139 S. Ct. 544 (2019), is not to the contrary. There, the Supreme Court held that robbery under Florida law, which has as an element of use of force sufficient to overcome a victim's resistance, necessitates the use of physical force, or "force capable of causing physical pain or injury," and thus, qualifies as a predicate violent felony under the elements clause of the Armed Career Criminal Act (ACCA). 139 S. Ct. at 555 (quoting *Johnson*, 559 U.S. at 140). Nothing in the Hobbs Act statute requires this level of force or overcoming of resistance.

reasonable person would perceive the defendant's conduct as threatening force or injury. *See Third Circuit Model Criminal Instructions*, Instruction 6.18.1951-3 (threat of force judged by "surrounding facts"); *id*., Instruction 6.18.1951-4 (fear of injury to be judged by standard of whether fear reasonable).

For example, a robber might act on the sincere belief that a bank has a policy of training tellers to automatically comply with demands for money, regardless of whether they perceive any genuine threat. *See, e.g., Fowler v. Evans*, 2008 WL 45805 (S.D. Cal. Jan. 2, 2008) (recounting prosecution in which teller testified he supplied money not out of fear but in compliance with bank policy); *United States v. Ward*, 458 F. App'x 527, 528 (6th Cir. 2012) (noting named bank's "policy" under which "teller is to follow the robber's demands without regard to whether the teller thinks the robber is serious") (not precedential). Since a person might thus be convicted without expecting, much less intending, to convey a threat, the statute does not require culpability greater than negligence. *See Elonis v. United States*, 135 S. Ct. 2001, 2011 (2015) (explaining that to hinge conviction on how a "reasonable person" would regard threat, "regardless of what the defendant thinks," reduces culpability to negligence).

Counsel recognizes that in *United States v. Wilson*, 880 F.3d 80, 85-86 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2586 (2018), the Third Circuit rejected a similar argument in the context of unarmed bank robbery, 18 U.S.C. § 2113(a), which criminalizes robbery by "force and violence" or by "intimidation." There, the Court rejected the defendant's argument that the objective standard which applies to the intimidation element allowed for conviction without any intent to actually intimidate. The Court disagreed and held that to be guilty of bank robbery, "the defendant must have knowingly robbed or attempted to rob a bank—in other words, the defendant had to know he was taking money from a financial institution that was not simply

giving it away," thus satisfying the *mens rea* component of the "crime of violence" definition under the career offender guideline at U.S.S.G. § 4B1.2(a)(1). *Id*. at 87. In light of *Wilson*, the point is raised here for purposes of preservation.

For all of the above-stated reasons, Hobbs Act robbery does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

III.    ***United States v. Robinson* is no longer controlling on the element of force issue.**

In *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), the Third Circuit held that a Hobbs Act robbery conviction returned contemporaneously with a §924(c) conviction for brandishing a firearm renders the Hobbs Act robbery a crime of violence under the elements clause as defined by §924(c)(3)(A). The court in *Robinson* declined to hold that Hobbs Act robbery on its own is categorically a crime of violence under §924(c)(3)(A). 844 F.3d at 144. Rather, the Court ruled that the categorical approach does not apply because, where the predicate offense and the §924(c) offense "are contemporaneous and tried to the same jury, the record of all necessary facts are before the district court," and the "remedial effect of the 'categorical' approach is not necessary." *Robinson*, 844 F.3d at 141. This new approach permitted the Court to analyze the contemporaneous offenses together, using facts "that have either been found by the jury or admitted by the defendant in a plea." *Id*. at 143. The Court then concluded that a Hobbs Act robbery committed while brandishing a firearm is a crime of violence. *Id*.; *see also United States v. Galati*, 844 F.3d 152 (3d Cir. 2016) (finding that the discharge of a firearm, coupled with personal injury, rendered a murder-for-hire a crime of violence as defined in § 924(c)(3)(A)).

*Robinson* has been abrogated by the Supreme Court's recent decision in *United States v.*

8

*Davis*, 2019 WL 2570623, -- S.Ct. -- (2019).  In *Davis*, the Court held that the residual clause

definition of crime of violence at § 924(c)(3)(B) is void for vagueness, and in doing so,

reaffirmed that the categorical approach must be used in evaluation of all predicate offenses

under § 924(c), including § 924(c)(3)(A), the elements clause.  In *Davis*, the government

argued—similar to the reasoning in *Robinson*—that because the predicate element in §924(c)

involved a contemporaneous offense rather than a prior one, the categorical approach need not

apply.  Instead, the government advocated a case-specific approach to determine whether there

existed a substantial risk that physical force might be used in any particular case—thus negating

the constitutional vagueness concerns surrounding an "ordinary case" analysis under the

categorical approach.  *Id*. at *4-5.

The Supreme Court flatly rejected the government's effort to jettison the categorical

approach, finding it required by the statutory text and history of §924(c).  The Court recognized

that the term "offense" may in some cases refer to either a generic crime or "the specific acts in

which an offender engaged on a specific occasion;" but in the §924(c) context it stated,

"everyone agrees that, in connection with the elements clause, the term 'offense' carries the first,

'generic' meaning."  *Id*. at *6 (citing *Nijhawan v. Holder*, 557 U.S. 29, 33–34 (2009) (similar

language of the ACCA's elements clause "refers directly to generic crimes")).  The Court thus

reasoned that because, without question, the term "offense" refers to a categorical offense under

the elements clause at § 924(c)(3)(A), it also refers to a categorical offense under the residual

clause of § 924(c)(3)(B).  *Id*. at *6.

The Court found further support for the categorical approach in the history of § 924(c),

which, as originally enacted, provided for "any federal felony" as a predicate offense, but was

amended in 1984 to narrow the class of predicate offenses to "crimes of violence."  *Id*. at *9.

The Court recognized that using a case-specific approach to defining crimes of violence would virtually nullify the amendment, because, the Court asked, "how many felonies don't involve a substantial risk of physical force when they're committed using a firearm—let alone when the defendant brandishes or discharges the firearm?" *Id.*

In *Robinson*, the Court employed the same amendment-nullifying logic rejected in *Davis,* and relied on the contemporaneous use of a firearm in tandem with the offense. As this Court put it, "[t]he question, therefore, is not 'is Hobbs Act robbery a crime of violence?' but rather 'is Hobbs Act robbery committed while brandishing a firearm a crime of violence?' The answer to this question must be yes." 844 F.3d at 144. *Davis* explicitly rejected this position. 2019 WL 2570623 at *6 ("the statutory text commands the categorical approach").

## IV.    Count Two must be dismissed.

Following *Davis*, applying the required categorical analysis as explained above, Hobbs Act robbery does not qualify under the element-of-force clause because §1951(a) does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another. For these reasons, Hobbs Act robbery is not a crime of violence under § 924(c) and Count Two should be dismissed.

Respectfully submitted,

/s/ Maranna J. Meehan
MARANNA J. MEEHAN
Assistant Federal Defender

## <u>CERTIFICATE OF SERVICE</u>

I, Maranna J. Meehan, Assistant Federal Defender, Federal Community Defender Office

for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served

copies of the Defendant's Motion To Dismiss Count Two, by electronic notification and/or hand

delivery to his office, upon Robert E. Eckert, Assistant United States Attorney, office located at

615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania  19106, Robert C. Patterson,

Esquire, 434 Cattell Street, Easton, Pennsylvania  18042 and Barnaby C. Wittels, Esquire, 1429

Walnut Street, Suite 1301, Philadelphia, Pennsylvania  19102.


<u>/s/ Maranna J. Meehan</u>
MARANNA J. MEEHAN
Assistant Federal Defender


DATE:          July 16, 2019